# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERRY SPOLJARIC, | : | |
| Plaintiff | : | Civil Action No. 3:17-0246 |
| v. | : | |
| NANCY BERRYHILL,<br>Acting Commissioner of<br>Social Security, | : | (JUDGE MANNION) |
| | : | |
| Defendant | : | |

## **MEMORANDUM**

The above-captioned action is one seeking review of the decision of the Acting Commissioner of Social Security ("Commissioner"), denying plaintiff Jerry Spoljaric's application for Social Security Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§401-433. The court has jurisdiction pursuant to 42 U.S.C. §405(g). Currently before the court is plaintiff's appeal of the decision, (Doc. 1), which has been briefed by the parties. For the reasons set forth below, plaintiff's appeal will be **GRANTED** and the Commissioner's decision will be **VACATED**. The court will **REMAND** this case to the Commissioner for further proceedings.

1

**I.   BACKGROUND**[1]

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured." It is undisputed that plaintiff meets the insured status requirements of the Social Security Act through March 31, 2014. (Tr. 19).[2] In order to establish entitlement to disability insurance benefits, plaintiff was required to establish that he suffered from a disability on or before that date. 42 U.S.C. §423(a)(1)(A), (c)(1)(B); 20 C.F.R. §404.131(a); *see Matullo v. Bowen*, 926 F.2d 240, 244 (3d Cir. 1990).

Plaintiff was born May 25, 1966, and was 47 years old on the his date of last insured. He was a younger individual when the Administrative Law Judge ("ALJ") rendered his decision in this case. Plaintiff has a high school education. His past relevant work was as a doorman. Plaintiff alleges that on June 1, 2008, after a motor vehicle accident in April 2008, he became disabled and was unable to work. Thus, the relevant time period is June 1,

---

[1]The court notes that since the ALJ, (Doc. 14-2 at 19-28), as well as the parties have stated the medical history of plaintiff in their respective filings, the court will not fully repeat it herein. Rather, the court discusses below plaintiff's medical history to the extent it is relevant to plaintiff's instant issues raised in this appeal.

[2]References to "Tr. __" are to pages of the administrative record filed by the Commissioner along with the Answer.

2

2008 through March 31, 2014.

Plaintiff filed a claim for DIB on November 15, 2013. He alleged that he was disabled due to severe back pain, left rotator cuff problems, and herniated discs. The agency denied plaintiff's application on January 29, 2014. Plaintiff filed a request for a hearing before an ALJ, which was held on June 4, 2015.

The ALJ issued a decision on July 16, 2015. The ALJ found that plaintiff was not disabled within the meaning of the Social Security Act from June 1, 2008, through the date of his decision. Plaintiff filed a request for review.

On December 13, 2016, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Since plaintiff exhausted his administrative remedies, he initiated the present action on February 9, 2017, appealing the final decision of the Commissioner. (Doc. 1).

Plaintiff appeals the ALJ's determination on two grounds: 1.Whether the ALJ erred in his Residual Functional Capacity ("RFC") assessment, i.e., substantial evidence does not support the ALJ's RFC assessment, since he afforded inadequate weight to the opinion of plaintiff's treating physician, Dr. Poonia; and 2. Whether the ALJ erred in his evaluation of Dr. Goldenberg's functional assessment and whether the ALJ failed to properly explain his reason for discounting it.

## II. STANDARD OF REVIEW

When reviewing the denial of disability benefits, the court must determine whether the denial is supported by substantial evidence. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Johnson v. Commissioner of Social Sec., 529 F.3d 198, 200 (3d Cir. 2008). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552 (1988); Hartranft v. Apfel, 181 F.3d 358, 360. (3d Cir. 1999), Johnson, 529 F.3d at 200. It is less than a preponderance of the evidence but more than a mere scintilla. Richardson v. Perales, 402 U.S. 389, 401 (1971).

To receive disability benefits, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §432(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), 'work which exists in the national economy' means work which exists in significant numbers either in the region

4

where such individual lives or in several regions of the country.

42 U.S.C. §423(d)(2)(A).

## III. DISABILITY EVALUATION PROCESS

The plaintiff must establish that there is some "medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" Fargnoli, 247 F.3d at 39 (quoting 42 U.S.C. §423(d)(2)(A)).

A five-step evaluation process is used to determine if a person is eligible for disability benefits. See 20 C.F.R. §404.1520. *See also* Plummer , 186 F.3d at 428. If the Commissioner finds that a plaintiff is disabled or not disabled at any point in the sequence, review does not proceed any further. See 20 C.F.R. §404.1520. The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment

5

meets or equals a listed impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. See 20 C.F.R. §404.1520.

Here, the ALJ proceeded through each step of the sequential evaluation process to conclude that the plaintiff was not disabled within the meaning of the Act. The ALJ found that plaintiff has not engaged in substantial gainful activity since June 1, 2008, the alleged onset date, through his date last insured. Next, the ALJ determined that plaintiff suffered from severe impairments, namely, degenerative disc disease of the lumbar and cervical spine, left rotator cuff tear, and diabetes mellitus. The ALJ then found that plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

The ALJ found that plaintiff had the RFC to perform limited light work[3] with restrictions, namely: He could not stand and/or walk for more than 2 hours in an 8 hour work day. He could not perform any overhead reaching with his non-dominant left upper extremity. He could occasional bend, balance, stoop, kneel, and crouch. He could not crawl and climb ladders, ropes, or scaffolds.

The ALJ found that plaintiff was unable to perform his past relevant work

---

[3] *See* 20 C.F.R. §404.1567(b) (definition of light work).

as a doorman. He indicated that plaintiff was a younger individual on his date last insured.

The ALJ gave little weight to the opinion of plaintiff's treating physician Dr. Amit Poonia, M.D., who completed a RFC questionnaire in May 2014, and found that the plaintiff was not capable of full-time employment due to the limitations from his impairments. (Tr. 24).

The ALJ also considered the opinions of Joyce Goldenberg, M.D., another treating physician. The ALJ gave her opinion, that the plaintiff could not preform his past work as a doorman due to his restrictions, moderate weight. However, the ALJ pointed out that Dr. Goldenberg did not consider other work which the plaintiff may have been capable of performing. (Tr. 24-25). A consultative examiner, Dr. Sharon Revan, examined plaintiff in January 2014 and opined that plaintiff only had mild limitations. However, the ALJ gave little weight to Dr. Revan's opinion since the record showed that plaintiff was more limited than the doctor found. (Tr. 24).

Also, at the hearing, the ALJ posed a hypothetical question to a vocational expert ("VE") that was based on a person who could perform light work with all of the additional restrictions that the ALJ included in his RFC assessment. The VE testified that such a person would be able to perform work as a small products assembler, surveillance monitor and a telephone receptionist. (Tr. 26).

The ALJ then determined that based on plaintiff's age, education, work

experience and RFC, plaintiff was capable of performing other work in the national economy that existed in significant numbers. (Tr. 26).

## IV. DISCUSSION

Plaintiff argues that the ALJ's RFC assessment is not supported by substantial evidence because he did not afford proper weight to Dr. Poonia's and Dr. Goldenberg's opinions and failed to give sufficient reasons for rejecting most of the treating doctors' opinions.

### 1. Credibility of Dr. Poonia

As his first assignment of error, plaintiff claims that the ALJ did not properly evaluate all of the opinions of Dr. Poonia. Specifically, plaintiff argues that the ALJ erred by failing to give controlling weight to Dr. Poonia's entire May 2014 RFC assessment and the doctor's finding that he has a less than sedentary functional capacity and is not capable of full-time work. Plaintiff states that since the ALJ erred by failing to give controlling weight to all of Dr. Poonia's opinions, the ALJ's RFC assessment was not supported by substantial evidence.

The regulations set forth at 20 C.F.R. §404.1527(a)(2) and §416.927(a)(2), define medical opinions as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [a claimant's] symptoms, diagnosis and prognosis, what [a claimant] can still do

8

despite impairment(s), and [a claimant's] physical or mental restrictions." Regardless of its source, the ALJ is required to evaluate every medical opinion received. 20 C.F.R §404.1527(c) and §416.927(c).

Where the ALJ finds that no treating source opinion is entitled to controlling weight, the regulations provide that the weight of all non-controlling opinions by treating, non-treating, and non-examining medical sources should be evaluated based on certain factors. Those factors include the examining relationship, the length of the treatment relationship and frequency of visits, nature and extent of the treatment relationship, whether the medical source supports the opinion with medical evidence, whether the opinion is consistent with the record as a whole, and the medical source's specialization. 20 C.F.R. §404.1527(c)(1-5). In addition, the ALJ should consider any other factors that tend to support or contradict the opinion that were brought to his attention, including "the extent to which an acceptable medical source is familiar with the other information in [the] case record." 20 C.F.R. §404.1527(c)(6). *See Markoch v. Colvin*, 2015 WL 2374260, at *6 (M.D.Pa. May 18, 2015).

Additionally, the ALJ must consider all of the relevant evidence and give a clear explanation to support his findings." Fargnoli, 247 F.3d at 40-41 (quoting *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000)). If the ALJ discounts certain evidence, he must give some indication of the reasons for discounting that evidence. " Fargnoli, 247 F.3d at 43. While the ALJ may choose whom to credit in his analysis, he "cannot reject

evidence for no reason or for the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 316-18 (3d Cir. 2000). The ALJ has the duty to adequately explain the evidence that he rejects or to which he affords lesser weight. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 505-06 (3d Cir. 2009) (holding that because the ALJ did not provide an adequate explanation for the weight he gave to several medical opinions, remand was warranted). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." *Morales v. Colvin*, 2016 WL 907743, at *8–9 (M.D. Pa. Mar. 2, 2016) (quoting *In re Moore v. Comm'r of Soc. Sec.*, 2012 WL 2958243, at *2 (D.N.J. July 19, 2012) (citing *Burnette v. Comm'r of Soc. Sec.*, 202 F.3d 112, 119-20 (3d Cir. 2000)).

No doubt that the opinions of plaintiff's treating physician are generally entitled to significant weight. The Third Circuit has "long accepted" that the findings of a treating physician "must [be] give[n] greater weight ... than ... the findings of a physician who has examined the claimant only once or not at all." Mason v. Shalala, 994 F.2d 1058, 1067 (3d Cir. 1993) (citations omitted). The regulations as well as courts require the ALJ "give good reasons for the amount of weight given to a treating physician's opinion." Fargnoli, 247 F.3d 42-44; *see also* 20 C.F.R. §404.1527(d)(2). A treating physician's opinion can be rejected by the ALJ based on contradictory medical evidence. *See* Frankenfield, 861 F.2d at 408.

Plaintiff contends that the ALJ erred with respect to the weight he

10

afforded to Dr. Poonia's opinions regarding his limitations since they were well-supported and consistent with the other substantial evidence. Plaintiff states that if the ALJ gave proper controlling weight to all of Dr. Poonia's opinions, he would have been found unable to perform any full-time work.

The ALJ's first reason for assigning little weight to Dr. Poonia's opinions was that there was no objective medical evidence and nothing in plaintiff's testimony that supported the doctor's manipulative limitations, i.e., plaintiff "can use his hands and fingers to grasp, turn, and twist objects, as well as fine manipulation, for 25 to 50 percent of the time." The ALJ's second reason was that the plaintiff was no longer seeing Dr. Poonia. (Tr. 24).

Plaintiff states that the fact that he was no longer being treated by Dr. Poonia is not relevant to the ALJ's assessment of weight he afforded to the doctor's opinion based on the above stated guidelines and since the opinion was rendered after several months of treatment which showed "a sufficient longitudinal treatment relationship upon which to based an assessment." The court finds that since Dr. Poonia was treating the plaintiff during the relevant time of this case and performed his RFC assessment based on his treatment, the fact that the plaintiff was no longer being treated by Dr. Poonia, while a factor that can be considered, was not a significant factor with respect to the weight the ALJ afforded to the doctor's opinion.

The plaintiff also details how Dr. Poonia based his opinions regarding the plaintiff's manipulative limitations on several objective medical findings

11

and that his opinions were consistent with these findings. Specifically, the plaintiff states that his reaching limitations were contained in the record and consistent with his rotator cuff tear and his left shoulder limited range of motion. He cites to the record, (Tr. 232, 248, 253, 258, 263, 268, 278, 299). Next, the plaintiff states that the manipulative limitations which Dr. Poonia found for his handling and fingering were supported by his nerve conduction studies and neurological testing that showed he had decreased sensation in his arms, forearms, and fingers. In fact, the plaintiff points out that he was actually diagnosed with cervical radiculopathy which also supports his manipulative limits. He cites to the record, (Tr. 222-23, 229, 243, 245, 282, 288), for support. The plaintiff further states that the medical record shows he complained of numbness in his left thumb as well as numbness/tingling in his left forearm and hand, (Tr. 257, 278). In fact, testing in May 2014 revealed that the plaintiff had radiculopathy at C6-7 and L5-S1. (Tr. 223). Lastly, the plaintiff states that he testified "his doctor advised him he is a risk of losing functionality in his arm due to pressure on the nerves, and that he requires surgery to prevent this." (Tr. 42).

Moreover, the plaintiff contends that in addition to the ALJ's erroneous determination regarding the lack of support for Dr. Poonia's manipulative limitations, the ALJ's credibility finding was also flawed since the ALJ did not weigh or provide any reasons for discounting the rest of Dr. Poonia's opinions in his RFC assessment, including the limitations on his ability to sit, stand,

walk, and lift or carry less than 10 pounds.

Thus, plaintiff states that although there was well-supported medical evidence consistent with Dr. Poonia's opinions regarding his manipulative limitations, as well as the other limitations the doctor found, the ALJ failed to identify and discuss substantial inconsistent evidence in the treatment records to support his finding affording little weight to Dr. Poonia's stated opinions.

**2. Functional Assessment of Dr. Goldenberg**

The ALJ also considered the opinions of Dr. Goldenberg, another treating physician of the plaintiff and the doctor who provided the majority of plaintiff's treatment in this case. Dr. Goldenberg opined that the plaintiff had multiple herniated discs and pinched nerves in his cervical and lumbar spine. She also found that the plaintiff had a left shoulder rotator cuff tear. (Tr. 186). Based on these impairments, which were substantiated by the medical testing, Dr. Goldenberg opined that the plaintiff could not sit or stand for prolonged periods of time "due to excruciating pain", and that he had difficulty with pushing, pulling, lifting, or carrying heavy objects. The ALJ afforded moderate weight to Dr. Goldenberg's opinion that plaintiff could not return to his prior work as a doorman, but the plaintiff contends that the ALJ did not adequately consider his functional limitations which Dr. Goldenberg found were based on her treatment of plaintiff over a period of time, since June 2008, and the plaintiff's medical tests.

The plaintiff's states that since Dr. Goldenberg's opinions were not

properly considered, including her finding that he could not sit or stand for long periods of time, the ALJ's RFC assessment is not supported by substantial evidence because he would not be able to sit for long time periods as the ALJ found. In particular, the ALJ found that the plaintiff could not stand or walk for more then 2 hours in a 8-hour work day. Thus, the plaintiff would be required to sit for 6 hours a day, which is precisely the type of prolonged sitting Dr. Goldenberg found he had to avoid "due to excruciating pain". Further, the plaintiff points out how Dr. Goldenberg's opinions were consistent with Dr. Poonia's opinion that he was not capable of sedentary work. (Tr. 228-30).

Moreover, the plaintiff contends that his statements supported the limitations which Dr. Goldenberg found. (Tr. 144-47).

Also, as plaintiff points out in his reply brief, (Doc. 22 at 1-2), the Commissioner cannot now rely upon evidentiary support for the ALJ's credibility determination regarding Dr. Poonia which was not identified by the ALJ in his decision. Neither the court nor the Commissioner can rectify the failure of an ALJ to consider all of the relevant and probative evidence "by relying on medical records found in its own independent analysis, and which were not mentioned by the ALJ." Fargnoli v. Massanari, 247 F.3d at 44 n. 7 (citing Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947)); Marbury v. Astrue, 2010 WL 3220039, *6 (W.D.Pa. August 12, 2010) ("the agency's decision cannot be affirmed on

a ground other than that actually relied upon by the agency in making its decision."). The court must limit its consideration to what is plain in "the four corners of the ALJ's decision." Marbury v. Astrue, 2010 WL 3220039, *6.

The Commissioner states that plaintiff failed to meet his burden by showing that Dr. Poonia's and Dr. Goldenberg's opinions were well-supported by the medical evidence and consistent with other substantial evidence in the record. The Commissioner contends that the ALJ discussed the record in his decision and, that he sufficiently discussed the objective medical evidence which did not support the stated opinions of plaintiff's treating physicians. The Commissioner also contends that after the ALJ discussed the other medical evidence, he explained the reasons for the weight he afforded the opinions of plaintiff's treating physicians.

Under the regulations, a treating physician's opinion receives "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and "not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §404.1527(c)(2); Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Also, there is no dispute that "[t]he ALJ–not treating or examining physicians or State agency consultants–must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). However, the ALJ cannot reject a treating physician's written medical opinion based on his own credibility judgments, speculation or lay opinion. *See* Compton v.

Colvin, 218 F.Supp.3d 316, 330 (M.D.Pa. 2016) (citing Morales, 225 F.3d at 316-18). "Regardless of what the weight an administrative law judge affords to medical opinions, the administrative law judge has the duty to adequately explain the evidence that he or she rejects or affords lesser weight." Id. (citing Diaz v. Comm'r of Soc. Sec., 577 F.3d 500, 505-06 (3d Cir. 2009)). "The ALJ's explanation must be sufficient enough to permit the court to conduct a meaningful review." Id. (quoting Burnett v. Comm'r of Soc. Sec., 220 F.3d 112, 119–20 (3d Cir. 2000)).

The court finds that plaintiff has made a sufficient showing requiring remand since the ALJ failed to adequately explain the substantial inconsistent evidence in the record to support his decision to afford little weight to Dr. Poonia's opinions regarding all of the plaintiff's limitations which he found. The court finds that the ALJ's credibility determination with respect to Dr. Poonia is not supported by substantial evidence based on the above discussion. Significantly, the record contains support Dr. Poonia's manipulative limitations which he included in his RFC assessment and thus, the ALJ was obliged to address these limitations. Additionally, the court finds that the ALJ's failure to discuss the remainder of the limitations which Dr. Poonia included in his RFC assessment which would preclude the plaintiff from performing any employment renders the ALJ's credibility determination and his RFC determination unsupported by substantial evidence.

Additionally, the ALJ stated that he did not afford more weight to Dr. Goldenberg's other opinions since she failed to discuss other work that the plaintiff could perform. However, the court finds that the ALJ failed to properly consider all of Dr. Goldenberg's opinions, and that her opinions should have been more thoroughly discussed when the ALJ determined the plaintiff's RFC.

As such, the court will remand this case to the Commissioner for further proceedings consistent with this memorandum. *See* Compton v. Colvin, 218 F.Supp.3d 316 (M.D.Pa. 2016)(the court remanded case to the Commissioner since the ALJ improperly afforded significant weight to opinion of a non-treating, non-examining physician over opinions of treating physicians). The court finds that substantial evidence does not support the ALJ's RFC determination because remand is required to determine if he afforded proper weight to the opinions of plaintiff's treating physicians, Dr. Poonia and Dr. Goldenberg, regarding plaintiff's limitations.

## V. CONCLUSION

For the reasons stated above, the court finds that the decision of the Commissioner denying plaintiff's application for DIB is not supported by substantial evidence. Thus, plaintiff's appeal of the Commissioner's decision, (Doc. 1), is **GRANTED**. Accordingly, pursuant to 42 U.S.C. §405(g), the decision of the Commissioner is **VACATED** and, this case is **REMANDED** to

the Commissioner for further proceedings consistent with this memorandum. An appropriate order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 16, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2017 MEMORANDA\17-0246-01.wpd